**MISCELLANEOUS**   B-04- 20 ☞

**United States District Court**
**Southern District of Texas**
**FILED**

243 (Rev. 5/85)

MOTION UNDER 28 USC § 2255 TO VACATE, SET ASIDE, OR CORRECT
SENTENCE BY A PERSON IN FEDERAL CUSTODY

JUN 2 9 2004

Michael N. Milby
Clerk of Court

| **United States District Court** | District | SOUTHERN DISTRICT OF TEXAS | |
|---|---|---|---|
| ame of Movant<br>lfredo Garcia Gonzalez | Prisoner No.<br>18067-179 | | Case No.<br>1:02-CR00505-001 |
| ace of Confinement<br>SCC-Interstate Unit. 1801 West I-20; Big Spring, TExas. 79720. | | | |

UNITED STATES OF AMERICA         V.    ALFREDO GARCIA GONZALEZ
(name under which convicted)

## MOTION

1. Name and location of court which entered the judgment of conviction under attack Brownsville Division
   United States District Court for The Southern District of Texas

2. Date of judgment of conviction March 03. 2003.

3. Length of sentence 57 Months

4. Nature of offense involved (all counts) 8 U.S.C. § 1326 (a) & 1326(b) Allien unlawfully
   found in the United States after deportation having been previously
   convicted of an aggravated felony.

   _____

5. What was your plea? (Check one)
   (a) Not guilty          ☐
   (b) Guilty              ☒
   (c) Nolo contendere     ☐

   If you entered a guilty plea to one count or indictment, and a not guilty plea to another count or indictment, give details:

   _____
   _____
   _____

6. If you pleaded not guilty, what kind of trial did you have? (Check one)
   (a) Jury                ☐
   (b) Judge only          ☐

7. Did you testify at the trial?
   Yes ☐ No ☒

8. Did you appeal from the judgment of conviction?
   Yes ☐ No ☒

AO 243 (Rev. 5/85)

9.  If you did appeal, answer the following:

    (a) Name of court _____

    (b) Result _____

    (c) Date of result _____

10. Other than a direct appeal from the judgment of conviction and sentence, have you previously filed any petitions, applications or motions with respect to this judgment in any federal court?
Yes ☐ No ☐

11. If your answer to 10 was "yes," give the following information:

    (a) (1) Name of court _____

        (2) Nature of proceeding _____

        _____

        (3) Grounds raised _____

        _____

        _____

        _____

        _____

        (4) Did you receive an evidentiary hearing on your petition, application or motion?
Yes ☐ No ☐

        (5) Result _____

        (6) Date of result _____

    (b) As to any second petition, application or motion give the same information:

        (1) Name of court _____

        (2) Nature of proceeding _____

        _____

        (3) Grounds raised _____

        _____

        _____

        _____

        _____

(3)

AO 243 (Rev. 5/85)

(4) Did you receive an evidentiary hearing on your petition, application or motion?
Yes ☐ No ☐

(5) Result /_____

(6) Date of result _____

(c) Did you appeal, to an appellate federal court having jurisdiction, the result of action taken on any petition, application or motion?
(1) First petition, etc.        Yes ☐ No ☐
(2) Second petition, etc.     Yes ☐ No ☐

(d) If you did not appeal from the adverse action on any petition, application or motion, explain briefly why you did not:

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

12. State *concisely* every ground on which you claim that you are being held in violation of the constitution, laws or treaties of the United States. Summarize briefly the facts supporting each ground. If necessary, you may attach pages stating additional grounds and facts supporting same.

CAUTION: If you fail to set forth all ground in this motion, you may be barred from presenting additional grounds at a later date.

(c) Conviction obtained by use of evidence gained pursuant to an unconstitutional search and seizure.

(d) Conviction obtained by use of evidence obtained pursuant to an unlawful arrest.

(e) Conviction obtained by a violation of the privilege against self-incrimination.

(f) Conviction obtained by the unconstitutional failure of the prosecution to disclose to the defendant evidence favorable to the defendant.

(g) Conviction obtained by a violation of the protection against double jeopardy.

(h) Conviction obtained by action of a grand or petit jury which was unconstitutionally selected and impanelled.

(i) Denial of effective assistance of counsel.

(j) Denial of right of appeal.

A. Ground one: Denial of effective assistance of trial counsel, counsel knew or should have known and argued that under recent supreme court law the max. penalty for this crime is two years.

Supporting FACTS (state *briefly* without citing cases or law)

refer to attached memorandum.

B. Ground two: Denial of effective assistance of trial counsel, counsel knew or should have known of the 9th. cir. ruling in United States Vs. Pacheco-Medina 212 F. 3d 1162(9th Cir.2000).

Supporting FACTS (state *briefly* without citing cases or law):

refer to attached memorandum

C. Ground three:

Supporting FACTS (state *briefly* without citing cases or law):

AO 243 (Rev. 5/85)

D. Ground four: _____

Supporting FACTS (state *briefly* without citing cases or law): _____

13. If any of the grounds listed in 12A, B, C, and D were not previously presented, state briefly what grounds were not so presented, and give your reasons for not presenting them: _____

14. Do you have any petition or appeal now pending in any court as to the judgment under attack?
Yes ☐ No ☒

15. Give the name and address, if known, of each attorney who represented you in the following stages of the judgment attacked herein:

(a) At preliminary hearing  Alberz B. Pullen _____

(b) At arraignment and plea  Albert B. Pullen _____

(c) At trial  Albert B. Pulen _____

(d) At sentencing  Albert B. Pullen _____

AO 243. (Rev. 5/85)

(e) On appeal _____

_____

(f) In any post-conviction proceeding _____

_____

(g) On appeal from any adverse ruling in a post-conviction proceeding _____

_____

16. Were you sentenced on more than one count of an indictment, or on more than one indictment, in the same court and at approximately the same time?
Yes ☐ No☐

17. Do you have any future sentence to serve after you complete the sentence imposed by the judgment under attack?
Yes ☐ No ☐

(a) If so, give name and location of court which imposed sentence to be served in the future: _____

_____

_____

(b) Give date and length of the above sentence: _____

_____

(c) Have you filed, or do you contemplate filing, any petition attacking the judgment which imposed the sentence to be served in the future?
Yes ☐ No ☐

Wherefore, movant prays that the Court grant him all relief to which he may be entitled in this proceeding.

_____
Signature of Attorney (if any)

I declare under penalty of perjury that the foregoing is true and correct. Executed on

Alfredo GArcia Gonzalez
_____
(date)
Wednesday June 23, 2004,

*Gonzales Alfredo Garci*

Alfredo Garcia Gonzalez
Signature of Movant

17

## MEMORANDUM IN SUPPORT OF §2255

A PRISONER, IN CUSTODY UNDER SENTENCE OF A COURT
ESTABLISHED BY ACT OF CONGRESS CLAMING THE RIGHT TO BE
RELEASE UPON THE GROUND THAT THE SENTENCE WAS IMPOSED IN
VIOLATION OF THE CONSTITUTION OR LAW OF THE UNITED STATES, OR
THAT THE COURT WAS WITH OUT JURISDICTION TO EMPOSED SUCH
SENTENCE, OR THAT THE SENTENCE WAS IN EXCESS OF THE MAXIMUM
AUTHORIZED BY LAW, MAY MOVE THE COURT WHICH IMPOSED THE
SENTENCE TO VACATE, SET ASIDE OR CORRECT THE SENTENCE. MR.
**ALFREDO GARCIA GONZALEZ** RESPECTFULLY SO MOVES THE COURT.
THE BASIC FOR MOVANT'S PETITION FOR FELIEF IS THAT HE DID NOT
RECEIVE THE EFFECTIVE ASSISTANCE OF COUNSEL GUARANTEED BY
THE SIX AMENDMENT OF THE UNITED STATES CONSTITUTION.
SPECIFICALLY, MOBVANT ASSERTS THAT HIS ATTORNEY KNEW OR
SHOULD HAVE KNOWN OF THE NINTH CIRCUIT RULING IN **UNITED
STATES V. PACHECO—MEDINA, 212 F. 3d 1162 (9TH CIR.2000),** A CASE
OPPISITE TO THAT OF MOVANT, WHEREIN IT WAS RULED THAT A
DEFENDANT THAT CAPTURED WHILE CLOSE TO THE BORDER AND
NEVER FREE FROM OFFICIAL RESTRAINT DID NOT COMMIT THE CRIME
OF ILLEGAL REENTRY, IN VIOLATION OF TITLE **8 U. S. C. §1326 (a.).**
MOVANT'S CASE AND THE CIRCUMSTANCES OF HIS ARREST ARE
VIRTUALLY INDISTINGUISHABLE FROM THAT CASE AND IT IS MOVAN'S
POSITION THAT HE DID NOT COMMIT THIS CRIME. **ALFREDO GARCIA
GONZALEZ** RESOECTFULLY SUMMIT THAT HIS ATTORNEY WAS
INEFFECTIVE THROUGH HIS FAILURE TO HAVE THE CHARGE DIAMISSED.
AS A RESULTS MOVANT SUFFERED PREJUDICE THRU HIS ATTORNEY
INSISTANCE THAT HE SIGN A PLEA AGREEMENT WHERE BY HE
RECEIVED FIFTY SEVEN MONTHS IMPROSONMENT FOR THE CRIME

*ILLEGAL REENTRY, A CRIME WHICH ... AS SHALL BE SEEN ... HE DID NOT COMMIT. HIS ATTORNEY WAS BY DEFINITION INEFFECTIVE.*

MR. **ALFREDO GARCIA GONZALEZ** WAS CHARGE WITH VIOLATION OF 8 U. S. C. §1326(A) AND (b). ILLEGAL REENTRY FALLOWING DEPORTATION. REPORTS GENERATED BY ARRESTING LAW ENFORCEMENT OFFICIALS INDICATED THAT THE DEFENDANT WAS CAUGHT ATTEMPTING ENTERING THE UNITED STATES AT BROWNSVILLE, TEXAS, IN THE RIVER PORT OF ENTRY ON AUGUST 23, 2002. YET THOSE SAME REPORTS INDICATED THAT THE DEFENDANT DID NOT MANAGE TO "ENTER" THE UNITED STATES, BECAUSE HE WAS NEVER ENTERELY FREE FROM OFFICIAL RESTRAINT AND HAD NO HOPE OF ESCAPING INTO THE GENERAL POPULATION. A RECENT NINTH CIRCUIT DECISION HAS ESTABLISH EXACTLY WHAT CONSTITUTES ILLIGAL RE-ENTRY PURSUANT TO TITLE 8 **U.S.C. §1326 (a),** AND IT IS APPARENT FROM THE REPORTS GENERATED BY ARRESTING OFFICIALS IN THIS CASE THAT MR. **ALFREDO GARCIA GONZALEZ** DID NOT MANAGE TO COMMIT THIS CRIME.

IN ODER TO RECOGNIZE THE VALIDITY OF MOVANT ASSERTIONS IT MUST FIRST EXAMINE THE OFFENCE CONDUCT. AS THE COURT BEGINS TO CONSIDER WHETHER MR. **ALFREDO GARCIA GONZALEZ** COMMITTED A CRIME, IT MUST DO SO WITH THE KNOWLEDGE THAT HE WAS AN ALIEN, WHO HAD BEEN REMOVED FROM THE COUNTRY AND HE HAD AGAIN SET FOOT ON UNITED STATES SOIL. IT IS ALSO CLEAR THAT IT IS A CRIME FOR AN ALIEN TO ENTER, ATTEMPT TO ENTER, OR "AT ANY TIME (BE) FOUND IN" THE UNITED STATES AFTER HAVING ONCE BEEN DEPRTED FROM THIS COUNTRY. 8 U.S.C. §1326 (a). THUS, A GENERAL READING WOULD SUGGEST THAT MR, **ALFREDO GARCIA GONZALEZ** DID COMMIT THE CRIME BECAUSE HE SURELY LEFT MEXICO FOR THE UNITED STATES, HE JUST WAS FOUND ON OUR SOIL AFTER HE CAME OVER THE BOARDER BRIDGE. BUT AS A MATTER OF LAW IT IS NOT THAT QUITE EASY BECAUSE PHYSICAL PRESENCE IS NOT ENOUGH. THAT IT

MUST CLEARLY SHOWN IN THE CONCEPT OF "ENTRY" A CONCEPT
WHICH HAS A LONG JUDICIAL HISTORY, AS THE SUPREME COURT HAS
POINTED OUT " (T) HE DEFINITION OF "ENTRY" AS APPLIED FOR
VARIOUS PURPOSES IN OUR IMMIGRATION LAWS WAS INVOLVED
JUDICIALLY" **ROSENBERG V, FLUETI 374 U.S. 449, 453, 83 S.CT.1804, 1807,
10 L. ED. 2D 1000 (1963.)** THE DEFINITION DID NOT ENTER THE
IMMIGRATION STATUS UNTIL 1952. SEE, ID. THE MOTION WAS
EXPRESSED IN A 1908 CASE WHERE ALIENS HAD CROSSED THE
BORDER AND PRECEDED FOR A QUARTER OF MILE ALONG RAILROAD
TRACKS, BUT HAD BEEN UNDER THE SURVEILLANCE OF BORDER
INSPECTORS FROM BEFORE THE TIME THEY CROSSED UNTIL THEIR
ACTUAL PHYSICAL CAPTURES. SEE, **EX PARTE CHOW CHOK, 161 F. 627,
628-29 (N.D.N.Y.), AFF D., 1021 (CIR. 1908).** THE COURT SAID THAT THE
ALIENS HAD NOT ENTERED AT ALL. ON THE COUNTRARY:

"THEY WERE NOT" PERMITTED TO ENTER" OR ALLOWED TO ENTER, WITHIN THE
MEANING AND INTENT OF THE LAW. " ENTER" MEANS MORE THAN THE MEAR ACT OF
CROSSING THE BORDERLINE. THOSE WHO SEEK TO ENTER IN THE SENSE OF THE
LAW AND THOSE THE POLICY OF THE LAW SEEKS TO PREVENT FROM ENTERING ARE
THOSE WHO COME TO STAY PERMANENTLY, OR FOR A PERIOD OF TIME, OR TO GO AT
LARGE AND AT WIIL WITHIN, THE UNITED STATES. THESE PERSONS, ON ENTERING,
*WERE AT ONCE SURROUNDED BY OFFICERS, SILENTLY TAKEN IN CHARGE, IN EFFECT
ARRESTED, AND FROM THAT TIME EFFECTUALLY DEPRIVED OF THEIR LIBERTY AND*
PREVENTED FROM GOING AT LARGE WITHIN THE UNITED" STATES."

Id. AT 630 SEE ALSO, **ZHANG V. STATTERY 55 F. 3d 732, 754, 755, (2ⁿᵈ CIR.
1995); CORREA V. THORNBURGH, 901 F. 2d 1166, 1171-72 (2ᴺᴰ. CIR.1980)**
. THE BOARD OF IMMIGRATION APPEALS HAS REPEATED THE THEME.
SEE, **MATTER OF PIERRE 141. & N. DEC. 467 (1973).** IN THAT CASE THE
**BIA** MADE IT CLEAR THAT, AS RELEVANT HERE, BEFORE HE CAN BE
SAID TO HAVE ENTERD, **AN ALIEN MUST BE FREE FROM RESTRAINT.**
**SEE, ID, AT 468.** MORE PARTYCULARLY, "(t) HE RESTRAINT MAY TAKE
THE FORM OR SURVEILLANCE UNBEKNOWNST TO THE ALIENS; HE HAS
STILL NOT MADE AN ENTRY DESPITE HAVING BEEN CROSSED THE
BORDER WITH THE INTENSION OF EVADING INSPEVTIONS, BECAUSE HE

LACKS THE FREEDOM TO GO AT LARGE AND MIX WITH THE
POPULATION" Id. AT 469. THE THEME HAS ALSO BEEN USED BY OTHER
CIRCUITS. SEE **YI YANG V. MAUGANS, 68 F. 3d 1540, 1549-50 (3rd. CIR.
1995), UNITED STATES V. KAVASANJIAN, 623 F. 2d 730, 736-37 (1st .CIR.
1980).**

THE NINETH CIRCUIT HAS DEAL EXTENSIVELY WITH CASES LIKE THE
CASE AT BAR. **UNITED STATES V. OSCAR 496 F2d 492 (9TH. CIR. 1974)**
DEAL WITH ILLEGAL REENTRY WITH REGARD TO PRIMARY AND
SECONDARY INSPECTION POINTS. **UNITED STATES V. MARTIN
PLASCENCIA, 532 F, 2d 1316 (9TH. CIR.1976),** EXAMINE THE CASE OF AN
ALIEN WHO NOT ONLY MANAGE TO GET OVER THE FENCE BUT FOR A
TIME OUT OF DIRECT SIGHT OF IMMIGRATION OFFICIALS. AND *UNITED
STATES V. AGUILAR, 883 F2d 662 (9TH. CIR. 1989), ADDRESS A SCENARIO
WHERE THE ALIEN WAS UNDER AN EXTENDED PERIOD OF
SURVEILLANCE BUT THE MOST DEFINITIVE RULING, ISSUED MONTHS
AGO, IS PERHAPS MOST OPPOSITE TO CAPTION CASE.*

IN **UNITED STATES V. PACHECO- MEDINA, 212 F. 3d 1162 (9TH. CIR. 2000),**
*IT WAS RULED THAT A DEFENDANT, WHO WAS CAPTURED WITHIN A FEW
YARDS OF THE BORDER ARTER CLIMBING AN INTERNATIONAL
BOUNDARY FENCE DID NOT ACTUALLY MANAGE TO "ENTER" THE*
UNITED STATES, AS REQUIRED TO SUPPORT A CONVICTION OF BEEN
FOUND IN THE UNITED STATES AFTER HE HAS BEEN DEPORTED...
BECAUSE THE DEFENDANT WAS NEVER FREE FROM OFFICIAL
RESTRAINT Id. AT 1163-66.

APPENDED HERETO ARTE THE ARREST REPORTS, WHICH DESCRIBE
THE CIRCUMSTANCES OF MR. **ALFREDO GARCIA GONZALEZ** ARREST BY
LAW ENFORCEMENT ORRICIALS. IT CAN BE SEEN THAT THE
CIRCUMSTANCES OF HIS ARREST DO NOT DIFFER SIGNIFICANTLY FROM
THOSE OF **PACHECO—MEDINA**. CASE IN SALIENT DETAIL. MR. **ALFREDO
GARCIA GONZALEZ** WAS NEVER FREE FROM OFFICIAL RESTRAINS. IN
LEGAL CONTEMPLATION HE DID NOT "ENTER" THE UNITED STATES, AND

IN ACCORDENCE WITH JUDICIAL PRECEDENT THERE WAS NOT ENOUGH IN THE ARREST REPORTS TO SUPPORT A CONVICTION OF ILLEGAL REENTRY.

THE **PACHECO- MEDINA** DECISION WAS FILED **MAY 16TH, 2000**. MOVANT WAS SENTENCE MARCH 3TH, 2003. MOVANT'S ATTORNEY KNEW OR SHOULD HAVE KNOWN OF THIS RULING AND ITS APPLICABILITY TO MR. **ALFREDO GARCIA GONZALEZ**

GIVEN THE CIRCUMSTANCES OF MOVANT'S ARREST, THIS ATTORNEY SHOULD HAVE MOVE TO STRIKE THE CHARGE OF ILLEGAL REENTRY BUT HE DID NOT, INSTEAD INDUCING HIM TO PLEA GUILTY TO THE CHARGE AND SIGN A PLEA AGREEMENT WHEREBY HE WOULD BE SENTENCE TO **57 MONTHS** IMPRISONMENT. THE CASE AND PREJUDICE PRONGS OF **STRICKLAND** ARE MANIFESTLY ESTABLISHED.

THE COURT IS THEREFORE DEFERENTIALLY URGED TO VACATE MOVANT'S CONVICTION AND SENTENCE FOR A VIOLATION OF TITLE **8 U. S. C. 1326(a)**. IN LIGHT OF THE **PACHECO- MEDINA** RULING AND THE EFFECTIVE ASSISTANCE OF COUNSEL CLAIM AS PRESENTED HEREIN ANYTHING LESS THAN THIS WOULD BE AN INJUSTICE.